**[This opinion has been published in *Ohio Official Reports* at 91 Ohio St.3d 1203.]**

IN RE DISQUALIFICATION OF WHITE.

GAULT *v*. THE JOEL POMERENE MEMORIAL HOSPITAL.

[Cite as *In re Disqualification of White*, 2000-Ohio-111.]

*Judges—Affidavit of disqualification—Allegation that judge appointed members to defendant hospital's board of trustees—Judge's appointments are required by statute and are limited—No bias or prejudice shown.*

(No. 00-AP-037—Decided April 22, 2000.)

ON AFFIDAVIT OF DISQUALIFICATION in Holmes County Common Pleas Court case No. 99CV014.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Robert A. Bracco, counsel for plaintiff Patricia L. Gault, seeks the disqualification of Judge Thomas White from further proceedings regarding the above-referenced case.

{¶ 2} Affiant contends that Judge White should be disqualified from the underlying case because the judge has appointed members to the defendant-hospital's board of trustees and because the judge may have appointed friends or colleagues to the board. This contention is not well taken on the authority of *In re Disqualification of Morley* (1994), 74 Ohio St.3d 1265, 657 N.E.2d 1363, wherein bias and prejudice was alleged because the judge was responsible for appointing a member to the board of commissioners of a park district. In that situation, the judge had appointed only one park commissioner and had done so pursuant to express statutory authority.

{¶ 3} Similar to the situation presented in *Morley*, Judge White's participation in the appointment process is required by statute and is limited in that he has only one of the five votes that can be cast in appointing a trustee. See R.C.

339.02.  The judges have taken additional steps to limit their involvement in the selection of trustees by allowing the county commissioners, who have three votes in the appointment process, to recruit, advertise for, and interview prospective trustees.

{¶ 4} Moreover, affiant offers no evidence in support of his contention that the judge may have used his appointment authority to name friends or colleagues to the hospital board.  Judge White specifically denies that a friend or associate has been appointed to the hospital board during his tenure.

{¶ 5} For these reasons, the affidavit of disqualification is found not well taken and is denied.  The case shall proceed before Judge White.

————————————